UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |
|---|---|
| In re<br><br>LTL MANAGEMENT LLC,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 21-30589 (JCW) |
| LTL MANAGEMENT LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>    Defendants. | Adv. Pro. No. 21-03032 (JCW) |

**NOTICE OF FILING OF DECLARATIONS IN SUPPORT OF DEBTOR'S MOTION
FOR AN ORDER (I) DECLARING THAT THE AUTOMATIC STAY APPLIES
TO CERTAIN ACTIONS AGAINST NON-DEBTORS OR (II) PRELIMINARILY
ENJOINING SUCH ACTIONS AND (III) GRANTING A TEMPORARY
RESTRAINING ORDER PENDING A FINAL HEARING**

PLEASE TAKE NOTICE that LTL Management LLC, the debtor in the above-captioned case and the plaintiff in the above-captioned adversary proceeding (the "Debtor"), has filed the following declarations in support of the *Debtor's Motion for an Order (I) Declaring That the Automatic Stay Applies to Certain Actions Against Non-Debtors or (II) Preliminarily Enjoining Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing* [Adv. Pro. Dkt. 2]:

---

[1]  The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

{00357077 v 2 }

- Declaration of Adam Lisman (the "Lisman Declaration"), attached hereto as Exhibit A; and

- Declaration of Susan Schirger-Ward (the "Schirger-Ward Declaration"), attached hereto as Exhibit B.

The Debtor also incorporates by reference herein the *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 5][2] and the *Supplemental Declaration of John K. Kim in Support of Debtor's Complaint for Declaratory and Injunctive Relief and Related Motions* [Adv. Pro. Dkt. 3].

---

[2] Filings in the Adversary Proceeding, 21-03032 (JCW), will be abbreviated as "Adv. Pro. Dkt." while filings in the Base Chapter 11 Case, 21-30589 (JCW), will be abbreviated as "Dkt.".

{00357077 v 2}　　　　　　　　　　　-2-

Dated: November 2, 2021
       Charlotte, North Carolina

Respectfully submitted,

*/s/ John R. Miller, Jr.*
C. Richard Rayburn, Jr. (NC 6357)
John R. Miller, Jr. (NC 28689)
Matthew L. Tomsic (NC 52431)
RAYBURN COOPER & DURHAM, P.A.
227 West Trade Street, Suite 1200
Charlotte, North Carolina 28202
Telephone: (704) 334-0891
Facsimile: (704) 377-1897
E-mail: rrayburn@rcdlaw.net
       jmiller@rcdlaw.net
       mtomsic@rcdlaw.net

Gregory M. Gordon (TX Bar No. 08435300)
Dan B. Prieto (TX Bar No. 24048744)
Amanda Rush (TX Bar No. 24079422)
JONES DAY
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
E-mail: gmgordon@jonesday.com
      dbprieto@jonesday.com
      asrush@jonesday.com
(Admitted *pro hac vice*)

Brad B. Erens (IL Bar No. 06206864)
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
E-mail: bberens@jonesday.com
(Admitted *pro hac vice*)

PROPOSED ATTORNEYS FOR DEBTOR

## **EXHIBIT A**

**Lisman Declaration**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re<br><br>LTL MANAGEMENT LLC,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 21-30589 (JCW) |
| LTL MANAGEMENT LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THOSE PARTIES LISTED ON<br>APPENDIX A TO COMPLAINT<br>and JOHN AND JANE DOES 1-1000,<br><br>    Defendants. | Adv. Pro. No. 21-03032 (JCW) |

**DECLARATION OF ADAM LISMAN
IN SUPPORT OF DEBTOR'S COMPLAINT FOR
<u>DECLARATORY AND INJUNCTIVE RELIEF AND RELATED MOTIONS</u>**

I, Adam Lisman, declare as follows:

1. I am the Vice President and Assistant Corporate Controller at Johnson & Johnson ("<u>J&J</u>"), the ultimate parent company of LTL Management LLC, a North Carolina limited liability company (the "<u>Debtor</u>") and the debtor in the above-captioned chapter 11 case and plaintiff in the above-captioned adversary proceeding.

2. I began my employment with J&J and its affiliates in October 2018 as a Senior Director in the Corporate Controller group, and I have been in my current role since

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

December 2019. Prior to my employment with J&J, I worked in the finance department at Catalent Pharma Solutions as an Assistant Corporate Controller and a Technical Accounting Manager from 2014 to 2018. I also previously worked in various capacities at PricewaterhouseCoopers from 2006 to 2014, serving large publicly traded companies in an audit and accounting consulting capacity.

3. I earned a Bachelor's of Science in Business Administration with an Accounting Concentration from the University of Pittsburgh in 2006, and I am also a Certified Public Accountant in the State of New York and a member of the American Institute of Certified Public Accountants (AICPA).

4. On October 14, 2021 (the "Petition Date"), the Debtor commenced a reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, as well as filing certain motions and other pleadings (collectively, the "First Day Pleadings") in the Chapter 11 Case. On October 21, 2021, the Debtor commenced the above-captioned adversary proceeding by filing a complaint [Adv. Pro. Dkt. 1] (the "Complaint") and filing the *Debtor's Motion for an Order (I) Declaring the Automatic Stay Applies to Certain Actions Against Non-Debtor or (II) Preliminarily Enjoining Certain Actions Against Non-Debtors and (III) Granting a Temporary Restraining Order Pending a Final Hearing* [Adv. Pro. Dkt. 2] (the "Injunction Motion").

5. I submit this Declaration in support of the Complaint and the Injunction Motion. Capitalized terms not defined herein have the meanings given to them in the Complaint or the Injunction Motion, as applicable.

6. The facts and statements set forth in this Declaration are based on: (a) my personal knowledge; (b) information supplied to me by other members of management,

professionals or employees; (c) my review of relevant documents; and/or (d) my opinion based upon my experience and knowledge of J&J, Old JJCI and the Debtor. If called upon to testify, I could and would testify to the facts and opinions set forth in this declaration.

### Payment and Accounting of Talc-Related Claims

7. In my capacity as Assistant Corporate Controller, I am responsible for the consolidated accounting and financial reporting for J&J, including the required public company reports filed with the U.S. Securities and Exchange Commission ("SEC"). I also serve in a consultation capacity for all of J&J's domestic and foreign subsidiaries on technical matters and judgments, including legal-related reserves, revenue recognition and tax reserves. I am also familiar with the accounting treatment of claims and liabilities asserted against J&J and Old JJCI in connection with talc products.

8. Prior to the Petition Date, except where there was insurance coverage available, all costs associated with litigation concerning any talc products—including defense costs, settlements and any verdict amounts—were borne by Old JJCI. J&J and Old JJCI used an integrated, centralized cash management system to collect, manage, and disburse funds. Pursuant to company policy, cash collected by Old JJCI was generally swept to J&J's concentration account on a daily basis. For administrative convenience and pursuant to company policy, J&J initially paid costs associated with litigation concerning talc products from its concentration account and then charged 100% of those costs to Old JJCI through intercompany charges.

9. These intercompany charges are reflected on Old JJCI's general ledger. Since 2007, Old JJCI has used SAP accounting software to maintain its general ledger electronically. Old JJCI's debit entries in its general ledger from 2007 to the present confirm that

Old JJCI has been charged through intercompany payables all defense costs and any settlement or verdict amounts related to litigation concerning talc products.

10. For example, Annex A, attached hereto, includes a journal entry from Old JJCI's general ledger related to a jury verdict in a case known as *Ingham* that involves personal injury claims related to talc. This journal entry shows that a legal settlement of $2,562,859,121.16 was paid by J&J, which is identified in the journal entry by the code 1410. It also shows that Old JJCI, which is identified by the code 6101, owes J&J an intercompany payable in the same amount.

11. Middlesex Insurance Company ("Middlesex"), a captive insurance company that is a wholly-owned subsidiary of J&J, issued policies that covered both J&J and Old JJCI for talc-related costs. Prior to 2019, Middlesex paid such costs incurred by Old JJCI. By 2019, the aggregate limits under the Middlesex policies were exhausted and, thereafter, litigation costs related to talc products were charged to Old JJCI.

12. J&J reports its financial statements on a consolidated basis with all of its subsidiaries. J&J's consolidated financial statements reflect a reserve for defense and indemnity costs for Old JJCI associated with personal injury claims related to talc. Although the reserve is reported on a consolidated basis, it is allocated by segment, as required by Generally Accepted Accounting Principles and SEC reporting requirements. The talc-related reserve in J&J's consolidated financial statements is allocated to the consumer segment, which includes Old JJCI.

13. I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 2, 2021

/s/ Adam Lisman
Adam Lisman

# ANNEX A



**Notes:**
**Company Code 6101 = JJCI**
**Trading Partner 1410 = J&J Corporate Management Company**
**Segment 1380 = Consumer North America**

Source: LTL 0019833

## EXHIBIT B

**Schirger-Ward Declaration**

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| In re<br><br>LTL MANAGEMENT LLC,<br><br>Debtor. | : : : : : : : | Chapter 11<br><br>Case No. 21-30589 (JCW) |
| LTL MANAGEMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>Defendants. | : : : : : : : : : : : : : | Adv. Pro. No. 21-03032 (JCW) |

**DECLARATION OF SUSAN SCHIRGER-WARD
IN SUPPORT OF DEBTOR'S COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF AND RELATED MOTIONS**

I, Susan Schirger-Ward, declare as follows:

1. I am a Senior Legal Records Coordinator in the Information Services Department for Johnson & Johnson ("J&J").

2. The facts and statements set forth in my declaration are based on my personal knowledge and informed by my years of experience with legal record-keeping for J&J.

3. I have been employed by J&J since 2010 and have held the position of Senior Legal Records Coordinator at J&J since 2013. In this role, I am familiar with the legal document retention and storage policies and practices of J&J and the facilities and technological

platforms we use to maintain legal documents of J&J and its affiliates in conformance with those policies and practices.

4. J&J currently uses an electronic database called iManage to store legal and corporate records of J&J and its affiliates. J&J previously used an electronic database called Memotech to store these records, and Memotech still houses historical records.

5. On October 24, 2021, I located in the Memotech database the document titled Agreement for Transfer of Assets and Bill of Sale, dated January 1, 1979, between Johnson & Johnson and Johnson & Johnson Baby Products Company (the "1979 Transfer Agreement"). The document apparently had been incorrectly labeled under "Baby Products - Canada." The document bearing Bates number LTL 0000557-0000564 is a copy of the 1979 Transfer Agreement that I located.

6. The 1979 Transfer Agreement was identified with a specific Memotech Number (N0269302), Vault Number (4368) and File Number (290.124) that we use for organizing legal and corporate records. The next day, October 25, 2021, I searched iManage with additional file details from the Memotech document and found to the best of my knowledge an identical copy of the 1979 Transfer Agreement that was included in an electronic file with other corporate records that were also dated January 1, 1979, along with a document dated September 28, 1978 (the "1979 Transaction File"). The document bearing Bates number LTL 0000565-0000609 is a copy of the 1979 Transaction File that I located.

7. The 1979 Transfer Agreement and the 1979 Transaction File (1) are more than 20 years old; (2) are in the form and condition of like legal records from this period and are to the best of my knowledge regular on their face with no signs of text alterations; and (3) though

one copy was electronically mislabeled, were stored in locations where I would expect legal documents of their kind to be located in the regular course of legal document retention.

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 30, 2021 in New Jersey.

*Susan Schirger-Ward*
Susan Schirger-Ward

-3-